## UNITED STATES COURT OF INTERNATIONAL TRADE

_____ )
INCASE DESIGN CORP.,                             )
                                                 )
                                                 )
                            Plaintiff,           )          Court No. 18-00090
              v.                                 )
                                                 )
UNITED STATES,                                   )
                                                 )
                            Defendant.           )
_____ )

## **COMPLAINT**

Plaintiff, Incase Design Corp. ("Incase"), through its undersigned attorneys, alleges the

following as its complaint in this case:

1.      The United States Court of International Trade has jurisdiction over this action

pursuant to 28 U.S.C. § 1581(a).

2.      Plaintiff is the importer of record of the subject merchandise.

3.      The protest[s] and summons in this action were timely filed.

4.      All liquidated duties, charges and exactions were paid prior to the commencement

of this action.

5.      The subject merchandise consists of sports armband cell phone holders ("sports

armbands"). Each model of sports armband at issue is designed to be worn around the arm while

the wearer engages in physical exercise, e.g., running, jogging, or walking.

6.      The front face of the sports armbands are fabricated with a large clear PVC plastic

window, so that the cell phone is visible and the user can operate the fully functional cell phone

1

while it is in the sports armband.

7.     The subject merchandise was classified upon liquidation under subheading under subheading 4202.99.90, HTSUS, as "[t]runks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, insulated food or beverage bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper: Other: Other: Other," and was assessed with duty at the rate of 20% *ad valorem*.

## COUNT I

8.     Plaintiff repeats paragraphs 1-7 as if fully set forth herein.

9.     Heading 4202, HTSUS, provides for "[t]runks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, insulated food or beverage bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper."

10.     The sports armbands are not a type of container provided for by name in heading

4202, HTSUS.

11.     The sports armbands are not similar to the containers of heading 4202, HTSUS, because they do not organize, store, or carry items within the meaning of heading 4202, HTSUS.

12.     The primary purpose of the sports armbands is to allow an individual who is exercising to operate a cell phone while the cell phone is in the armband holder, and this primary purpose is inconsistent with the exemplars listed in heading 4202, HTSUS.

13.     The sports armbands are classifiable based upon their material fabrication, which, if determined to be predominantly of plastic, is under subheading 3926.90.99, HTSUS, as "[o]ther articles of plastics and articles of other materials of headings 3901 to 3914: [o]ther: [o]ther," at a duty rate of 5.3% *ad valorem*.

## COUNT II

14.     Plaintiff repeats paragraphs 1-7 and 9-12 as if fully set forth herein.

15.     The sports armbands are classifiable based upon their material fabrication, which, if determined to be predominantly of textile, is under subheading 6307.90.98, HTSUS, as "[o]ther made up articles, including dress patterns: [o]ther: [o]ther: [o]ther," at a duty rate of 7% *ad valorem*.

## COUNT III

16.     Plaintiff repeats paragraphs 1-7 and 9-12 as if fully set forth herein.

17.     The sports armbands are classifiable based upon their material fabrication, which, if determined to be predominantly of cellulite rubber, is under subheading 4016.10.00, HTSUS, as "[o]ther articles of vulcanized rubber other than hard rubber: [o]f cellular rubber" free of duty

## COUNT IV (ALTERNATIVE CLAIM)

18.     Plaintiff repeats paragraphs 1-7 and 9-12 as if fully set forth herein.

19.     Note 2(l) of Chapter 42 excludes "Articles of chapter 95 (for example, toys, games, sports equipment)" from classification in Chapter 42.

20.     Heading 9506, HTSUS, encompasses "[a]rticles and equipment for general physical exercise, gymnastics, athletics, other sports (including table tennis) or outdoor games, not specified or included elsewhere in this chapter…."

21.     The sports armbands are specially designed and marketed as articles or equipment for use during general physical exercise and athletics.

22.     The sports armbands are classifiable under subheading 9506.99.60, HTSUS, as other articles and equipment for sports and/or outdoor games and is dutiable at the rate of 4% *ad valorem*.

**WHEREFORE**, plaintiff respectfully requests that Customs' classification upon liquidation of the subject merchandise be overruled, that the claimed classification for the subject merchandise under subheadings 3926.90.99, 6307.90.98,  4016.10.00, or 9506.99.60, HTSUS, be sustained; and that the appropriate Customs official be directed to reliquidate the involved entry accordingly, and to refund the excess duties collected, with lawful interest, and that the Court grant such further relief, including attorney's fees and costs, as it deems proper.

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT, LLP
Attorneys for Plaintiff

By:   s/ Robert F. Seely

4

Robert B. Silverman
Robert F. Seely
599 Lexington Avenue
36th Floor
New York, New York 10022
Tel. (212) 557-4000
rsilverman@gdlsk.com
rseely@gdlsk.com

Erik D. Smithweiss
707 Wilshire Boulevard
Suite 4150
Los Angeles, CA 90017
Tel. 213-624-1970
esmithweiss@gdlsk.com

Dated:  New York, New York
        October 28, 2021

11327550 1